**James A. MOORE, Appellant,**

v.

**MACK TRUCKS, INC.; and Worldwide Equipment, Inc., Appellees.**

**No. 1999–CA–001853–MR.**

Court of Appeals of Kentucky.

March 23, 2001.

---

9. *Gaba* at 708.

Brief for Appellee: J. Thomas Hardin, Hardin Law Offices, Inez, KY.

Brief for Appellee, Mack Trucks, Inc.: Lionel A. Hawse, Christopher L. Rhoads, Woodward, Hobson & Fulton, L.L.P., Lexington, KY.

Brief for Appellee, Worldwide Equipment, Inc.: Christopher P. O'Bryan, Charles W. Miller, O'Bryan, Brown & Toner, Louisville, KY.

Before EMBERTON, McANULTY, and SCHRODER, Judges.

## OPINION

McANULTY, Judge:

James A. Moore (hereinafter appellant) appeals orders of the Floyd Circuit Court which granted motions for summary judgment in favor of appellees Mack Trucks, Inc. (hereinafter Mack) and Worldwide Equipment, Inc. (hereinafter Worldwide). Appellant sued Mack, the manufacturer, and Worldwide, the distributor, for damages when a truck he purchased repeatedly experienced mechanical difficulties. The truck eventually was repossessed because appellant was unable to continue making required payments under the financing agreement. Appellant contended that he was unable to make the payments because of his inability to use the truck in his business due to the mechanical problems. He sued, seeking recovery of business losses and losses associated with the repossession. On appeal, appellant alleges that the trial court erred in granting the summary judgment motion because there remain genuine issues of material fact in this case. We have reviewed the claims and, for the reasons hereinafter stated, we affirm the grant of summary judgment.

First, we address Worldwide's claim that appellant's appeal of the summary judgment in favor of Worldwide was not timely. The trial court entered summary judgment for Worldwide on March 2, 1999; the court granted Mack's motion for

partial summary judgment on March 4, 1999. Appellant filed a motion to vacate those orders. In an attached affidavit, his counsel cited inadvertence in not attending the hearing on the motions for summary judgment and asserted that appellant had defenses to the summary judgment to present. On July 7, 1999, the trial court entered an order granting Mack's motion for summary judgment on all claims not previously dismissed. On July 23, 1999, the trial court denied appellant's motion to vacate the order granting summary judgment in favor of Worldwide. On August 6, 1999, appellant filed his notice of appeal from the trial court's orders of July 7, and July 23.

■ Worldwide alleges that the notice of appeal was not timely as to the appeal of summary judgment in favor of Worldwide because it was granted in March. We disagree. Appellant's motion was properly treated as a motion to vacate pursuant to CR 59.05.[1] Pursuant to CR 73.02(1)(e), the running of the time for an appeal is stayed or terminated by "a timely motion pursuant to any of the Rules hereinafter enumerated," including granting or denying a motion under Rule 59 to alter, amend or vacate the judgment. *University of Louisville v. Isert,* Ky.App., 742 S.W.2d 571 (1987). The time for filing the notice of appeal was suspended until the trial court ruled on the motion to vacate. Thus, appellant's notice of appeal was timely filed.

■ Appellant alleges that grant of summary judgment was improper. Summary judgment should only be used to terminate litigation when, as a matter of law, it appears that it would be impossible for the respondent to produce evidence at the trial warranting a judgment in his favor and against the movant. *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.,* Ky., 807 S.W.2d 476, 484 (1991). On appeal, the standard of review of a summary judgment is whether the trial court correctly found that there were no genuine issues of material fact and that the moving party was entitled to judgment as a matter of law. CR 56.03; *Scifres v. Kraft,* Ky.App., 916 S.W.2d 779, 781 (1996). Appellant argues that he has raised genuine issues of fact in this case. He claims that the representations of a Worldwide sales representative, Jerry Caudill, created an express warranty. Appellant alleges that when he expressed concerns about the eighteen speed transmission of the vehicle, Caudill informed him the transmission had been completely redone by Mack. Appellant claims that Caudill also informed him that the truck would suit appellant's needs because the truck had a large rear differential and a larger motor, allowing it to get up and down hills.

Mack and Worldwide both counter that they validly disclaimed all warranties in writing. Worldwide further claims that as a distributor, it is protected from suit by KRS 411.340, the Product Liability Act. Appellant argues that Worldwide cannot invoke the statute because it breached an express warranty created by its representative, and because Worldwide knew or should have known that the truck was in a defective condition. Appellant has provided no support for the latter charge. However, he raises a question whether the

---

1. Appellant did not state the rule of procedure under which he was proceeding; neither did the trial court designate a particular rule. Worldwide argues this court could consider whether the motion should be treated as one under CR 60.02 on grounds of mistake or inadvertence. Since the motion was styled a motion to vacate and was timely under CR 59.05, we believe the motion is properly brought pursuant to CR 59.05 and we treat it as such.

statements of Worldwide's salesman created an express warranty.

KRS 355.2–313(1)(a) governs the creation of an express warranty by the seller, and states in pertinent part:

Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise.

Appellant alleges that Caudill's statements formed a basis of the bargain. We believe that his statements regarding the overhaul of the transmission could be construed as an affirmation of fact relating to the truck. His other statements appear to be merely "puffing" or a statement of opinion, which would not create an express warranty. *See Bickett v. W.R. Grace & Co.*, 12 U.C.C. Rep. Serv. 629 (W.D.Ky.1972); D. Leibson and R. Nowka, *The Uniform Commercial Code of Kentucky* § 2.4(A)(2) (1983). In any event, whether an express warranty was created is a question of fact. *Id* .

 Mack and Worldwide argue that there is no genuine issue of material fact as to the creation of an express warranty because they both disclaimed certain warranties. Mack's warranty stated as follows:

THIS WARRANTY IS MADE EXPRESSLY IN LIEU OF ANY OTHER WARRANTIES OR CONDITIONS, EXPRESSED OR IMPLIED, INCLUDING ANY IMPLIED WARRANTY OR CONDITION OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE, AND OF ANY OTHER OBLIGATION OR LIABILITY ON THE PART OF THE MANUFACTURER INCLUDING, WITHOUT LIMITATION OF THE FOREGOING, CONSEQUENTIAL AND INCIDENTAL DAMAGES.

Worldwide's sales agreement, signed by appellant, contained the following:

DISCLAIMER OF WARRANTIES: SELLER MAKES NO WARRANTIES AS TO THE PROPERTY, EXPRESS, IMPLIED OR IMPLIED BY LAW EXCEPT, AS TO NEW VEHICLES ONLY, THE MANUFACTURER'S STANDARD VEHICLE WARRANTY, WHICH IS INCORPORATED HEREIN BY REFERENCE. SELLER SPECIFICALLY DISCLAIMS ANY IMPLIED WARRANTY OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE AND ANY LIABILITY FOR CONSEQUENTIAL DAMAGES FOR ANY BREACH OF WARRANTY. ALL USED VEHICLES ARE SOLD "AS IS."

It is clear that the appellees disclaimed all implied warranties. It is also apparent that both Worldwide and Mack limited their liability for any breach of warranty. Under the Uniform Commercial Code, a seller may limit the remedies available to a buyer for breach of warranty pursuant to KRS 355.2–719. *Ford Motor Company v. Mayes*, Ky.App., 575 S.W.2d 480, 483 (1978). KRS 355.2–719(1)(a) provides that an agreement may limit a buyer's remedy to "repair and replacement of nonconforming goods or parts[.]" *Id.* Mack's warranty agreement limited its obligation under the warranty to "repairing or replacing" defects which arose in material or workmanship. Mack's warranty stated that it was made in lieu of liability for consequential and incidental damages. Worldwide made no warranties, but incorporated the manufacturer's warranty by reference, and "specifically disclaim[ed] ... any liability for consequential damages for any breach of warranty."

Such a limitation of the buyer's remedy is not prohibited under Kentucky law. *Mayes*, 575 S.W.2d at 483. According to

KRS 355.2–719(3), consequential damages may be limited or excluded unless the limitation or exclusion is unconscionable. Assuming *arguendo* that the trier of fact could find that an express warranty was created, appellant is not entitled to recover the consequential damages he is seeking.

 Appellant, however, alleges that he may claim consequential and incidental damages because appellees' exclusive remedy failed of its essential purpose. KRS 355.2–719(2) provides that "[w]here circumstances cause an exclusive or limited remedy to fail of its essential purpose, remedy may be had as provided in this chapter." Under KRS 355.2–719(2), the limited exclusive remedy fails of its essential purpose whenever the warrantor fails to correct the defect within a reasonable time after a defective part is discovered. *Mayes,* 575 S.W.2d at 485. Appellant argues that the remedy failed of its essential purpose because the truck was not repaired. However, we note that the record shows that the truck was only brought in for repairs on two occasions, four months apart, and that the truck was operational after the first repair. It was repossessed about five months after the second repair. In *Mayes,* wherein the remedy was held to have failed, the truck was returned to the selling dealer eight or nine times for major repairs, and the purchaser was able to establish that the car could never be fully repaired. *Mayes,* 575 S.W.2d at 484–485. We do not find that the trial court erred in finding that there was no genuine issue of material fact concerning this allegation.

In this case, Mack and Worldwide properly disclaimed implied warranties. Worldwide and Mack properly limited their liability for consequential damages. The truck is no longer owned by appellant. Appellant is not entitled to a remedy under these circumstances. Therefore, we conclude that the trial court correctly granted the appellees' motions for summary judgment.

ALL CONCUR.